**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**JAMES P. BLAISDELL,**                                  :

     *Plaintiff,*                                    :

**v.**                                                   :     **Case No.:  4:14-cv-33**

**WILLIAM E. WOOD & ASSOC., INC., ET AL.** :

     *Defendants.*                                   :

## REBUTTAL BRIEF IN SUPPORT OF WILLIAM E. WOOD & ASSOCIATES, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant, **WILLIAM E. WOOD & ASSOCIATES, INC.** ("WEW"), by

counsel, pursuant to Rule 7(F)(1) of the Local Rules of the Eastern District of Virginia,

respectfully offers this Rebuttal Brief in Support of its Motion to Dismiss the Complaint

of Plaintiff, **JAMES P. BLAISDELL** ("Blaisdell") or, in the alternative, hereby adopts

its prior Motion to Dismiss (Docket No. 10) and Memorandum in Support (Docket No.

11) in their entirety and, pursuant to Rule 12(b)(6)  of the Federal Rules of Civil

Procedure and the principles of federal abstention, respectfully moves this Court to

dismiss Blaisdell's Amended Complaint.

## I.        INTRODUCTION

The matter before the Court is a contract dispute.  More precisely, this action

concerns the various rights and obligations of the Plaintiff, James P. Blaisdell

("Blaisdell"), Defendant Sally Viskochil ("Viskochil"), and Defendant William E. Wood,

Inc. ("WEW") under a real estate purchase contract entered into on February 26, 2012

(the "Purchase Contract") for the purchase of Viskochil's former home located at 705

Goodwin Street, Williamsburg, Virginia (the "Property").  WEW served as the agent to both Blaisdell and Viskochil in the transaction. (Am. Compl. ¶ 23.)  WEW maintains that Blaisdell defaulted under the Purchase Contract and accordingly filed a complaint in James City County/Williamsburg Circuit Court on or about April 10, 2013 seeking recovery of its sales commission and attorney's fees, which was subsequently amended on or about August 20, 2013 (the "State Court Action").  (Am. Compl. ¶ 97; Mem. in Support of Mot. to Dismiss, Ex. 1, 4.)  In his Answer to the amended complaint (the "State Court Pleading"), Blaisdell denies being in default under the Purchase Contract. (Mem. in Support of Mot. to Dismiss, Ex. 5.)  Blaisdell also affirmatively alleges in the State Court Pleading that WEW was not entitled to initiate litigation on the Purchase Contract because it had failed to "submit to non-binding mediation" and had "waived its right to sue." (*Id.*)

This contract dispute is currently pending before the Circuit Court and is set for trial on January 29, 2015.  (Mem. in Support of Mot. to Dismiss 4; Am. Compl. ¶ 97.) Moreover, a judicial settlement conference has been scheduled before the Honorable Judge Randolph T. West on December 3, 2014, during which the parties will engage in non-binding mediation of their dispute.  Judge West has been confirmed as the mediator and a Scheduling Order for the State Court Action was sent to counsel for Blaisdell on July 22, 2014 for endorsement prior to entry. *See* **Exhibits 1 and 2**, attached hereto.  The Scheduling Order has not yet been entered because WEW has not yet received an endorsed copy of the Order from Blaisdell's counsel.

With the resolution of the State Court Action plainly in sight, Blaisdell nonetheless elected to initiate the instant action by filing his original complaint on March

26, 2014 (the "Complaint").  In short, the Complaint seeks a declaratory judgment affirming Blaisdell's affirmative defenses in the State Court Action – namely, that Blaisdell is not in default under the Purchase Contract (due, at least in part, to a low appraisal of the Property), that WEW failed to submit to non-binding mediation prior to initiating the State Court Action, and that WEW has waived its right to recovery. (Compl. ¶ 126; Am. Compl. ¶ 151.)  The Complaint also seeks other relief, all of which is related to and dependent upon the declaration that Blaisdell did not default under the Purchase Contract.  (Compl. ¶¶ 138 – 159.)  This includes, but is not limited to, Blaisdell's claim against WEW for "Breach of the Implied Covenant of Good Faith and Fair Dealing" (Compl. ¶¶ 138 -150), a matter which he also raised as an affirmative defense in his Answer (Mem. in Support of Mot. to Dismiss 3, Ex. 4).

In response to this Complaint, WEW filed a Motion to Dismiss on July 28, 2014 (the "Motion to Dismiss"), asserting that the action should dismissed for failure to state a claim under Rule 12(b)(6) as well as pursuant to the doctrine of federal abstention. Blaisdell did not file a brief in opposition to the Motion to Dismiss, but rather elected to amend his Complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.  Blaisdell's amended complaint (the "Amended Complaint") was filed on August 11, 2014 and was accompanied by a brief in response asserting that the Amended Complaint renders the Motion to Dismiss moot (the "Response").

The Amended Complaint realleges the original four counts against WEW (viz. Declaratory Judgment, Breach of Implied Covenant, Breach of Fiduciary Duty, and Attorneys Fees recoverable for breach of the Purchase Contract.) (Am. Compl. ¶¶ 141-154, 163-190.)  Despite the fact that non-binding mediation is already scheduled to take

place, the Amended Complaint also contains a new count seeking "an Order directing the parties to proceed to mediation" under the Federal Arbitration Act. (Am. Compl. ¶¶ 137 - 140.) Furthermore, the Amended Complaint newly contends that this Court has federal question jurisdiction under 28 U.S.C. §1331 "based on the requirements of 38 U.S.C. §§ 3704, 3701(b), [and] 3731." (Am. Compl. ¶ 7.)  Finally, in addition to the new claim under the FAA and the jurisdictional reference to the Veteran's Benefits title of the U.S. Code, the Amended Complaint elaborates upon and re-orders some of Blaisdell's prior allegations (although the majority remain unaltered) and removes certain other allegations entirely. Most notably, the Complaint's prior assertion that "Mr. Kelly wrote to Mr. Blaisdell requesting Mr. Blaisdell engage in mediation" (Compl. ¶ 92) has been conspicuously excised from the Amended Complaint.  In addition to obscuring the fact that WEW has previously requested mediation in this matter, this revision also renders paragraph 109 of the Amended Complaint significantly less intelligible, as it concerns Blaisdell's response to WEW's prior request for mediation. (*See* Compl. ¶ 95; Am. Compl. ¶ 109.)

## II.   ARGUMENT IN REBUTTAL TO THE RESPONSE

Blaisdell's Response offers only one argument in opposition to the Motion to Dismiss – that the filing of his Amended Complaint in this matter has "mooted the Motion to Dismiss," such that "no response is required." (Pl.'s Response to Def.'s Mot. to Dismiss 4).  However, it is well-settled law in this Circuit, and indeed within this Court, that defendants are not "required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may

consider the motion as being addressed to the amended pleading." *Jones v. Boto Co., Ltd.*, 498 F. Supp. 2d 822, 825, n.4 (E.D. Va. 2007) (quoting 6 Charles A. Wright et al., Federal Practice and Procedure § 1476 (1990)); *see also Dolgaleva v. Virginia Beach City Pub. Sch.*, 364 F. App'x 820, 824-25 (4th Cir. 2010) (holding that the district court was permitted to consider a pending motion to dismiss as being addressed to a subsequently filed amended complaint); *U.S. ex rel. Constructors, Inc. v. Gulf Ins. Co.*, 313 F. Supp. 2d 593, 596 (E.D. Va. 2004); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565, 570 (E.D. Va. 2004). In this case, all of the defects raised in the Motion to Dismiss remain in Blaisdell's Amended Complaint. As a result, the Motion to Dismiss is not moot, but rather should be considered by the Court as being addressed to the Amended Complaint.

Specifically, WEW moved to dismiss Blaisdell's Complaint on two theories: (1) that the Complaint failed to state a claim upon which declaratory relief can be granted and was thus subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (2) that the Complaint should be dismissed or stayed by the Court pursuant to the doctrine of federal abstention. Blaisdell's Amended Complaint has not cured either basis for dismissal raised by WEW in its Motion to Dismiss.

A.  **DISMISSAL REMAINS MERITED BASED ON WEW'S RULE 12(B)(6) MOTION.**

The Amended Complaint does not cure the defects cited in the Motion to Dismiss regarding the availability of declaratory judgment in this action. Although Blaisdell's revised Count II seeking declaratory judgment elaborates upon his prior allegations, his fundamental request remains the same: for a determination "that Mr. Blaisdell is not obligated on the Purchase Contract." (Am. Compl. ¶ 154.) Blaisdell contends that this

declaration will "end the dispute between the parties," avoid piecemeal litigation," [and] preserve the court's jurisdiction over matters of substantial federal importance." (Am. Compl. ¶ 142.)  The declaration sought by Blaisdell would do none of these things.  To the contrary, the issue of whether Blaisdell is obligated under the Purchase Contract is presently before the court in the State Court Action and will almost certainly be decided before any declaration can be issued in this Court.  More importantly, the declaration Blaisdell seeks is nothing more than an attempt to present the defenses he raises in the State Court Action to this Court for adjudication, which is patently duplicative and outside the scope of the Declaratory Judgment Act.

The fact remains that the parties' "claims and rights" under the Purchase Contract have "fully matured" and "all the alleged wrongs have already been suffered." *Trull v. Smolka*, 2008 WL 4279599, at * 8 (E.D. Va. 2008).  As a result, the proper method for resolution of the parties' dispute is to present the controversy to the trial court, not to seek a declaratory judgment.  Moreover, any threat of piecemeal litigation is the result of Blaisdell's initiation of a parallel proceeding in this Court.  Blaisdell has had the opportunity during the State Court Action to present all of the claims alleged in his Amended Complaint, and in fact substantially did so in his previously filed Counterclaim.  His subsequent decisions to dismiss the Counterclaim and initiate this action evidence a deliberate attempt to *create* piecemeal litigation, not a desire to avoid it.  Finally, this court's jurisdiction over matters of "substantial federal importance" would arise under 28 U.S.C. § 1331, not the Declaratory Judgment Act, and therefore this final ground for declaratory relief is entirely unfounded.

As a result, this Court should exercise its discretion to decline to hear Blaisdell's request for declaratory relief and dismiss Count II of the Amended Complaint.

**B.      DISMISSAL REMAINS MERITED BASED ON WEW'S MOTION TO DISMISS PURSUANT TO THE DOCTRINE OF ABSTENTION.**

WEW's Motion to Dismiss also asserts that this Court should abstain from exercising jurisdiction over this action pending the resolution of the State Court Action, due in large part to the overwhelming evidence of "procedural gamesmanship" undertaken by Blaisdell and in light of the significant progress that has already been made in the previously filed State Court Action.  Consideration of these two factors, among others, emphatically supports the propriety of abstention under the *Nautilus* test, and this conclusion would hold true even if the more rigorous *Colorado River* standard were applied.  In response to WEW's Motion to Dismiss, Blaisdell amended his Complaint, bolstering some of his allegations, removing others, and adding references to two federal statutes: the Federal Arbitration Act, 9 U.S.C. §§1, *et seq.* (the "FAA") and certain provisions of Title 38 of the U.S. Code concerning Veterans' Benefits ("Title 38").  It is abundantly clear that Blaisdell's invocations of the FAA and Title 38 in the Amended Complaint are attempts to infuse federal questions into this diversity action.  Notwithstanding these attempts, no such federal questions exist and the factors cited in the Motion to Dismiss in support of abstention remain unaltered by the Amended Complaint.  As a result, this Court should consider both the Motion to Dismiss and this Rebuttal Brief as being addressed to the Amended Complaint and should dismiss this action pursuant to the doctrine of federal abstention.  In support of this position, each of the new issues raised in the Amended Complaint will be addressed in turn.

**1.    Abstention Remains Appropriate Notwithstanding the Amended Complaint's Allegations Concerning the FAA.**

In his Amended Complaint, Blaisdell includes a new claim against WEW which, although styled "Count VI Breach of Contract," is positioned as Count I and for clarity will hereinafter be referred to as "Count [I]." In Count [I], Blaisdell asserts that the Purchase Contract is governed by the FAA and seeks "an Order directing the parties to proceed to mediation." (Compl. ¶¶ 137, 140.) Some of the allegations of the Amended Complaint have also been revised to include references to the FAA.  (Am. Compl. ¶¶ 4, 5, 15, 137, 190(1)).  The inclusion of Count [I] is entirely frivolous and it should be dismissed in light of the fact that non-binding mediation between the parties has already been scheduled for December 3, 2014 before the Honorable Judge West.  Moreover, even if this Court were to determine that the settlement conference does not mandate dismissal of Count [I], the inclusion of Count [I] and the associated allegations do not affect the propriety of abstention because the FAA nevertheless does not apply to this action.  This is because: (1) Blaisdell is a party in default under the FAA and therefore is not entitled to avail himself of its provisions; (2) an agreement for non-binding mediation is not arbitration, and therefore does not implicate the FAA; and (3) procedural failings in the Amended Complaint merit dismissal of Blaisdell's FAA claim.

The FAA provides that "a written provision in...  a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract...  shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract." 9 U.S.C. § 2.  To be within the coverage of this provision, a transaction must be one involving "commerce," which the FAA defines as "commerce among the several states" – i.e.

interstate commerce. 9 U.S.C. § 1. If the contract in question is within the ambit of the FAA, "a party may demand a stay of federal judicial proceedings pending exercise of a contractual right to have the subject matter of the federal action decided by arbitration, unless the party seeking arbitration is 'in default' of that right." *Maxum Founds., Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir.1985); *see* 9 U.S.C. § 3.

      *a.*       ***Blaisdell is a Party in Default Under the FAA.***

      Blaisdell is not entitled to avail himself of the FAA's provisions because he is a party in default pursuant to 9 U.S.C. § 3. In addition to having already scheduled judicial mediation in the State Court Action, WEW has previously made a request for mediation which was declined by Blaisdell. This fact is evidenced by Blaisdell's own pleadings. In the State Court Action, WEW's amended complaint alleges that "William E. Wood's counsel, by letter dated October 9, 2012, requested that Blaisdell participate in a non-binding mediation" and that "Blaisdell responded by letter transmitted October 12, 2012 declining to participate." (Mem. in Support of Mot. to Dismiss Ex. 4 at ¶¶ 23, 24.) In his Answer, Blaisdell addressed these allegations by stating that "the letter . . . speaks for itself" and that "Blaisdell responded by letter that the request for mediation was delayed and expressly waived by William E. Wood, and that the request was untimely and proposed under terms that were unfair and distasteful." (Mem. in Support of Mot. to Dismiss Ex. 5 at ¶¶ 23, 24.) Implicit within this response is an acknowledgment that Blaisdell has previously received a request for mediation from WEW, but determined that mediation was not required.

      This conclusion is also borne out by Blaisdell's pleadings in this matter. Blaisdell stated in the Complaint that "Mr. Kelly wrote to Mr. Blaisdell requesting Mr. Blaisdell

engage in mediationö (Compl. ¶ 92.) While this allegation has been removed from the Amended Complaint, the current pleading still retains an allegation echoing Blaisdelløs State Court Pleading, to wit: õMr. Blaisdellí respond[ed] in writing to Mr. Kelly that the request for mediation required context, was not timely given the passage of time and the fact that William E. Wood knew that Mr. Blaisdell wanted to and timely requested mediation of the underlying disputes.ö (Am. Compl. ¶ 109.)

Despite these tacit acknowledgements that Blaisdell has previously rejected a request for mediation from WEW, Blaisdell now seeks to compel mediation under the FAA. However, Blaisdell is not entitled to this relief because he is a party in default under the FAA. Specifically, the FAA provides that a moving party is entitled to relief õunless the party seeking arbitration is ‑in defaultø6 of the right to have the issue decided by arbitration. õDefaultö in this context has been interpreted to include situations where õa party ‑actively participates in a lawsuit or takes other action inconsistent withøthe right to arbitration.ö *In re Mercury Const. Corp.*, 656 F.2d 933, 939 (4th Cir. 1981) *aff'd sub nom. Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 (1983) (internal citations omitted). Though not dispositive, evidence of such ‑active participationø includes filing an answer on the merits of the case. *Id.* However, the key determination in establishing default or waiver is whether the moving party õsubstantially invok[ed] the litigation machinery.ö *Id.* (quoting *E. C. Ernst, Inc. v. Manhattan Const. Co.*, 559 F.2d 268, 269 (5th Cir. 1977). Importantly, the determination of õwhether there is ‑defaultø or ‑waiverø in this sense is a question solely for the court itself to resolve*." In re Mercury Const. Corp.*, 656 at 940.

In this case, Blaisdell's previous rejection of WEW's offer to mediate is certainly "an action inconsistent" with his attempt to now compel mediation under the FAA. Moreover, Blaisdell has "substantially invoked the litigation machinery." He has filed an Answer and Counterclaim in the State Court Action, and has also conducted substantial discovery with WEW. Moreover, he previously elected *not* to attempt removal of the State Court Action, or to attempt to bring a claim under the FAA in the State Court Action, which is permitted under the statute. *See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25, n.32 (1983). Even in this action, Blaisdell's initial pleading contained no petition under the FAA. Only when Blaisdell was in need of references to federal law in order to contest abstention was the FAA invoked. As a result, Blaisdell has both "actively participated" in two lawsuits and "taken action inconsistent with" the right to mediation, and is therefore in default. Because Blaisdell is a party in default under the FAA, the relief requested in Count [I] should be denied and the arguments in support of abstention remain undiminished by the Amended Complaint.

**b.     The Non-Binding Mediation Provision of the Purchase Contract is Not Subject to the FAA.**

The Amended Complaint contends that the FAA applies to the Purchase Contract because it "includes a provision by which the Parties agreed to settle any dispute by arbitration (as that term is used in the FAA)." (Am. Compl. ¶ 137.) The Purchase Contract does not contain an arbitration provision. Rather, it provides for non-binding mediation. (Am. Compl. ¶ 4.) The FAA does not define "arbitration" and, as a result, the precise meaning of this term has been the subject of extensive discourse by the courts. Recently, in *Advanced Bodycare Solutions, LLC v. Thione International, Inc.,* the Eleventh Circuit undertook a detailed analysis of whether non-binding mediation

11

constitutes "arbitration." 524 F.3d 1235, 1240 (11th Cir.2008).  The court definitively concluded that it does not, holding that "[i]n short, because the mediation process does not purport to adjudicate or resolve a case in any way, it is not "arbitration" within the meaning of the FAA.  Accordingly, FAA remedies, including mandatory stays and motions to compel, are not appropriately invoked to compel mediation." *Id.*  The court based this conclusion on the observation that classic arbitration involves the submission of a dispute to a third party for a binding decision.  *Id.* at 1239.  Moreover, the court stated that "the FAA clearly presumes that arbitration will result in an "award" declaring the rights and duties of the parties." *Id.*  Non-binding mediation, by its very definition, does not involve a binding decision and in many cases will not result in an award.  As a result, the court in *Advanced Bodycare Solutions, LLC* concluded that mediation is not within the scope of the FAA.

The same conclusion is merited in this case.  While the Fourth Circuit has observed that "[c]haracterizations of the FAA which purport to give it a more robust meaning than that of simply enforcing private arbitration agreements misstate the federal policy on arbitration," it has not definitively addressed the distinction between mediation and arbitration, or the Eleventh Circuit's opinion on the subject.  *Perdue Farms, Inc. v. Design Build Contracting Corp.*, 263 F. App'x 380, 383 (4th Cir. 2008).  Two cases before this Court have addressed, without deciding, the holding of *Advanced Bodycare Solutions, LLC*, and reached differing conclusions.  *See Tattoo Art, Inc. v. Tat Int'l, LLC*, 711 F. Supp. 2d 645, 650 (E.D. Va. 2010) (collecting cases on point and observing that the Eleventh Circuit's opinion makes "compelling arguments that mediation does not fall within the FAA"); *but see U.S. ex rel Thyssenkrupp Safway, Inc. v. Tessa Structures,*

*LLC*, 2011 WL 475000, *3 (E.D. Va. 2011) (observing in dicta that the Court was "inclined" to consider any alternative method to "settle" controversies arising out of an agreement as within the scope of the FAA).  Importantly, however, another district court within this Circuit has adopted the Eleventh Circuit's position, holding that non-binding mediation is not arbitration. *Ohio Power Co. v. Dearborn Mid-W. Conveyor Co., Inc.*, 2012 WL 2522960 (N.D.W. Va. 2012) ("[M]ediation is not within the scope of the FAA"); *but see Sekisui Ta Indus., LLC v. Quality Tape Supply, Inc.*, 2009 WL 2170500, *5 (D. Md. July 17, 2009).

In light of the well-reasoned arguments advanced by the Eleventh Circuit in *Advanced Bodycare Solutions, LLC* and the growing trend towards their adoption within this Circuit, this Court should conclude that non-binding mediation is not within the scope of the FAA and, as a result, that Blaisdell is not entitled to seek an order compelling non-binding mediation.

### c.   *Procedural Failings of the Amended Complaint.*

Moreover, Count [I] of the Amended Complaint is procedurally defective and therefore should be dismissed.  As a preliminary matter, Blaisdell appears to maintain that the inclusion of references to the FAA affects the Court's jurisdiction in this matter. Indeed, he asserts under the header "Jurisdiction" that "issues of federal importance are present in this controversy under the [FAA]." (Am. Compl. ¶ 7.)  However, it is well-recognized that the FAA does not provide a separate basis for subject matter jurisdiction. As the Supreme Court explained in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, the FAA "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331." 460 U.S. 1, 25 n. 32 (1983); *see also Med-Tel Int'l*

*Corp. v. Loulakis*, 403 F. Supp. 2d 496, 498-99 (E.D. Va. 2005); *Discover Bank v. Vaden*, 396 F.3d 366, 368 (4th Cir.2005) ("No one contends that this statute [the FAA] in and of itself constitutes a federal question. Indeed, such an understanding is inconsistent with the language of the statute and has been foreclosed by the Supreme Court."). As a result, to the extent that Blaisdell's Amended Complaint attempts to inject federal question jurisdiction under 28 U.S.C. §1331 by reference to the FAA and the inclusion of Count [I] against WEW, such attempts are directly contrary to the Act itself and the law of this Circuit.

More importantly, Blaisdell's pleading is facially inadequate with respect to his claim under the FAA. As noted above, only contracts involving interstate commerce fall within the purview of the FAA. Though "interstate commerce" is certainly a broad tent within modern jurisprudence, "[t]he party moving for arbitration must 'produce some evidence which tends to establish its claim that the transaction involved interstate commerce.'" *Wolff Motor Co. v. White*, 869 So.2d 1129, 1131 (Ala. 2003) (internal quotations omitted). In support of his petition for arbitration, Blaisdell offers nothing more than the bare assertions that "[t]he Purchase Contract ... is a contract evidencing a transaction involving interstate commerce." (Am. Compl. ¶ 137.) In fact, Blaisdell does not include the Purchase Contract as an exhibit to the Amended Contract. If, as he asserts, the Amended Complaint "supersedes the original and renders it of no legal effect" (Opp. to WEW's Mot. to Dismiss 3), then the Purchase Contract is no longer an exhibit to the Amended Complaint. Even if the Purchase Contract were before the Court, Blaisdell has offered no evidence or allegation to show that this transaction involved interstate commerce, which is clearly insufficient to meet his pleading requirements. *See*

*Accent Realty, Inc. v. Snopl*, 29 So.3d 894, 897 (Ala. 2009); *Aronov Realty Brokerage, Inc. v. Morris*, 838 So. 2d 348, 354 (Ala. 2002)[1].  As a result, Blaisdell has failed to state a claim for relief in this regard and Count [I] should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Furthermore, contrary paragraph 139 of the Amended Complaint, WEW was never served written notice of Blaisdell's petition for arbitration under the FAA.  Rather, the first notice WEW received of the petition was the Amended Complaint, which Blaisdell purportedly advances as his petition for arbitration.

For the above reasons, Blaisdell's request for relief under the FAA is entirely without foundation and therefore has no impact on the grounds for abstention proffered in the Motion to Dismiss.

**2.   Abstention Remains Appropriate Notwithstanding the Amended Complaint's Allegations Concerning Title 38.**

As previously detailed, this matter centers upon a dispute over the Purchase Contract.  As a result, it arises under Virginia law.  The Amended Complaint asserts that Blaisdell was not in default of the Purchase Contract because the Property failed to appraise at or above the purchase price (Am. Compl. ¶¶ 1, 37.)  In asserting this position, Blaisdell makes tangential references to Title 38 of the U.S. Code, which details the rights and requirements for the issuance of VA loans to veterans. (Am. Compl. ¶¶ 7, 150, 158, 190(2).)  However, Blaisdell seeks no relief under Title 38.  Instead, he seeks a

---

[1] An abundance of case law exists in Alabama regarding the FAA, which accounts for the frequency with which that state's courts address highly particularized issues of law arising under the statute. *See* W. Scott Simpson, Stephen J. Ware, Vickie M. Willard, *The Source of Alabama's Abundance of Arbitration Cases: Alabama's Bizarre Law of Damages for Mental Anguish*, 28 Am. J. Trial Advoc. 135 (2004) ("The Alabama Supreme Court decides more cases on the enforceability of arbitration agreements than any other court in the country.")

declaration under the Declaratory Judgment Act that he was not obligated to perform under the Purchase Contract because the property's appraisal did not meet the requirements of Title 38. (Am. Compl. ¶¶ 150, 190(2).)  Because this action does not arise under Title 38, there is no federal question to sustain subject matter jurisdiction under 28 U.S.C. § 1331, as alleged in the Amended Complaint. (Am. Compl ¶ 7.) Moreover, Blaisdell's allegations relating to Title 38 do not address, let alone cure, the arguments contained in the Motion to Dismiss, and therefore do not render the Motion moot as alleged by Blaisdell.

### III.    MOTION TO DISMISS THE AMENDED COMPLAINT

To the extent that the Court finds Blaisdell's Amended Complaint to have cured any of the defects addressed in WEW's Motion to Dismiss, WEW hereby moves to dismiss the Amended Complaint for the reasons stated above, as well as those asserted in its previously filed Motion to Dismiss (Docket No. 10) and Memorandum in Support (Docket No. 11), which are expressly incorporated herein in their entirety.

### IV.    CONCLUSION

Accordingly, for the reasons set forth above and in its Motion to Dismiss and Memorandum in Support thereof, WEW respectfully requests that this action be dismissed with prejudice.  In the alternative, WEW hereby adopts its prior Motion to Dismiss and Memorandum in Support in full and moves to dismiss the Amended Complaint pursuant to the arguments advanced therein, as supplemented in this brief.


Respectfully submitted,

**WILLIAM E. WOOD & ASSOCIATES, INC.**

By:  /s/_____

Robyn Hylton Hansen, Esq. (VSB #23134)
Herbert V. Kelly, Esq. (VSB # 16113)
Christopher M. Mackenzie, Esq. (VSB # 84141)
*Counsel for Defendants*
JONES, BLECHMAN, WOLTZ & KELLY, P.C.
701 Town Center Drive, Suite 800
Newport News, VA  23606
(p):  (757) 873-8000
(f):  (757) 873-8103
Email Address:     rhansen@jbwk.com
                              bkelly@jbwk.com
                              cmackenzie@jbwk.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Susan M. Rotkis, Esq. (VSB # 40693)
Leonard A. Bennett, Esq. (VSB # 37532)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
(p):  (757) 930-3660
(f):  (757) 930-3662
Email Address:  srotkis@clalegal.com

Jeffery F. Riddle, Esq. (VSB # 78975)
Coward, Kim, Smith, Anderson & Riddle, PLC
720 J. Clyde Morris Blvd.
Newport News, VA 23601
(p):  (757) 873-1188
(f):  (757) 873-8480
Email Address:
jriddle@cowardinkim.com

/s/_____

Robyn Hylton Hansen, Esq. (VSB #23134)
Herbert V. Kelly, Esq. (VSB # 16113)
Christopher M. Mackenzie, Esq. (VSB # 84141)
*Counsel for Defendants*
JONES, BLECHMAN, WOLTZ & KELLY, P.C.
701 Town Center Drive, Suite 800
Newport News, VA  23606
(p):  (757) 873-8000
(f):  (757) 873-8103
Email Address:     rhansen@jbwk.com
                              bkelly@jbwk.com
                              cmackenzie@jbwk.com