IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| JAMES P. BLAISDELL, | : |
| *Plaintiff*, | : |
| v. | :  Case No.:  4:14-cv-33 |
| WILLIAM E. WOOD & ASSOC., INC., ET AL. | : |
| *Defendants*. | : |

**REBUTTAL BRIEF IN SUPPORT OF
HOWARD HANNA COMPANY'S AND HOWARD INSURANCE SERVICES,
INC.'S  MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO
DISMISS THE AMENDED COMPLAINT**

Defendants, **HOWARD HANNA COMPANY** ("Hanna Company") and **HOWARD HANNA INSURANCE SERVICES, INC.** ("Hanna Insurance") (collectively, the "Hanna Defendants"), by counsel, pursuant to Rule 7(F)(1) of the Local Rules of the Eastern District of Virginia, respectfully offer this Rebuttal Brief in Support of their Motion to Dismiss the Complaint of Plaintiff, **JAMES P. BLAISDELL** ("Blaisdell") or, in the alternative, hereby adopt their prior Motion to Dismiss (Docket No. 19) and Memorandum in Support (Docket No. 20) in their entirety and, pursuant to Rule 12(b)(6) of the Federal Rules of Procedure, respectfully move this Court to dismiss Blaisdell's Amended Complaint.

I.      INTRODUCTION

The matter before the Court is a contract dispute involving three parties: the Plaintiff, James P. Blaisdell ("Blaisdell"), Defendant Sally Viskochil ("Viskochil"), and Defendant William E. Wood ("WEW").  Blaisdell entered into a real estate purchase contract on February 26, 2012 (the "Purchase Contract") with Viskochil for the purchase

of Viskochil's former home located at 705 Goodwin Street, Williamsburg, Virginia (the "Property"). WEW served as the agent to both Blaisdell and Viskochil in the transaction. (Am. Compl. ¶ 23.) WEW maintains that Blaisdell defaulted under the Purchase Contract and accordingly filed suit in James City County/Williamsburg Circuit Court on or about April 10, 2013 seeking recovery of its sales commission and attorney's fees (the "State Court Action") with a judicial settlement conference with the Honorable Judge Randolph West scheduled for December 3, 2014. (Am. Compl. ¶ 97; Rebuttal Brief in Support of WEW's Mot. to Dismiss, Ex. 1, 2.) The State Court Action is set for trial on January 29, 2015. (Am. Compl. ¶ 97)

During the pendency of the State Court Action, Howard Hanna Holdings, Inc. ("Hanna Holdings"), an entity not named as a party to this action or the State Court Action, acquired all of the stock in WEW by agreement dated December 30, 2013. (*Id.*; Am. Compl. ¶ 11.) The Hanna Defendants are the wholly owned subsidiaries of Hanna Holdings. (Mem. in Support of Mot. to Dismiss, Ex. 1 at ¶ 3.)

Also during the pendency of the State Court Action, Blaisdell initiated the instant action by filing his original complaint on March 26, 2014 (the "Complaint"). In short, the Complaint seeks a declaratory judgment against the Hanna Defendants, among others, affirming Blaisdell's affirmative defenses in the State Court Action – namely, that Blaisdell is not in default under the Purchase Contract (due, at least in part, to a low appraisal of the Property), that WEW failed to submit to non-binding mediation prior to initiating the State Court Action, and that WEW has waived its right to recovery. (Compl. ¶ 126; Am. Compl. ¶ 151.) The Complaint also seeks other relief, all of which is related to and dependent upon the declaration that Blaisdell did not default under the Purchase

2

Contract. (Compl. ¶¶ 138 – 159.) Blaisdell's original Complaint sought relief against the Hanna Defendants solely on the ground that "the allegations as to William E. Wood are imputed to [the Hanna Defendants]." (Compl. ¶ 5.)

In response to the Complaint, the Hanna Defendants filed a Rule 12(b)(6) Motion to Dismiss on July 30, 2014 (the "Motion to Dismiss") on the grounds that the Complaint fails to articulate any legal basis for liability. Blaisdell did not file a brief in opposition to the Motion to Dismiss, but rather elected to amend his Complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. Blaisdell's amended complaint (the "Amended Complaint") was filed on August 11, 2014 and was accompanied by a brief in response asserting that the Amended Complaint renders the Motion to Dismiss moot (the "Response").

The Amended Complaint realleges two of the original counts against the Hanna Defendants (viz. Declaratory Judgment and Attorneys Fees recoverable for breach of the Purchase Contract) (*See* Compl. ¶¶ 117-127, 155-159) and drops the Hanna Defendants from two other counts (viz. Breach of Implied Covenant and Breach of Fiduciary Duty) (*See* Compl. ¶¶ 138-154). The Amended Complaint also contains a new count against the Hanna Defendants seeking "an Order directing the parties to proceed to mediation" under the Federal Arbitration Act. (Am. Compl. ¶¶ 137 -140.) Furthermore, the Amended Complaint offers new allegations, asserting in essence that the Hanna Defendants were aware of the State Court Action and encouraged WEW to proceed with litigation. (*See* Am. Compl. ¶¶ 11-16, 32-33, 128-134.)

## II.    ARGUMENT

The additional allegations against the Hanna Defendants contained in the Amended Complaint fail to address the pleading deficiencies that are the basis for the Hanna Defendants' Motion to Dismiss. As a result, the Hanna Defendants maintain that this action should be dismissed for failure to state a claim for which relief can be granted against the Hanna Defendants. In the alternative, the Hanna Defendants hereby adopt their prior Motion to Dismiss and Memorandum in Support thereof in full and move to dismiss the Amended Complaint pursuant to the arguments advanced therein.

Blaisdell's Response offers only one argument in opposition to the Hanna Defendants' Motion to Dismiss – that the filing of his Amended Complaint in this matter has "mooted the Motion to Dismiss," such that "no response is required." (Pl.'s Response to Defs.' Mot. to Dismiss 4). However, it is well-settled law in this Circuit, and indeed within this Court, that defendants are not "required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Jones v. Boto Co., Ltd.*, 498 F. Supp. 2d 822, 825, n.4 (E.D. Va. 2007) (quoting 6 Charles A. Wright et al., Federal Practice and Procedure § 1476 (1990)); *see also Dolgaleva v. Virginia Beach City Pub. Sch.*, 364 F. App'x 820, 824-25 (4th Cir. 2010) (holding that the district court was permitted to consider a pending motion to dismiss as being addressed to a subsequently filed amended complaint); *U.S. ex rel. Constructors, Inc. v. Gulf Ins. Co.*, 313 F. Supp. 2d 593, 596 (E.D. Va. 2004); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565, 570 (E.D. Va. 2004). In this case, all of

the defects raised in the Motion to Dismiss remain in Blaisdell's Amended Complaint. As a result, the Motion to Dismiss is not moot, but rather may be considered by the Court as being addressed to the Amended Complaint.

Specifically, the Hanna Defendants' Motion to Dismiss asserts that the bare allegation that the claims against WEW are "imputed to" the Hanna Defendants is patently insufficient to meet the pleading requirements of *Iqbal* and its progeny. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8(a)(2). Furthermore, the Motion to Dismiss highlights the fact that Blaisdell offers no explanation of the basis for the alleged "imputed" liability, which is likely the result of the fact that no such liability exists. Seemingly in acknowledgment of these deficiencies, the Amended Complaint adds additional allegations against the Hanna Defendants, but these additional allegations are nothing more than restatements of Blaisdell's previous allegation that the Hanna Defendants should be liable for the actions of WEW. As a result, the Amended Complaint still fails to articulate a recognizable basis for liability on the part of the Hanna Defendants.

Hanna Holdings (again, not a named party) acquired WEW in December 2013 by stock purchase, well after the actions that give rise to the parties' claims concerning the Purchase Contract. Importantly, Blaisdell acknowledges in his Amended Complaint that this acquisition was by stock purchase. (Am. Compl. ¶¶ 11, 128.) Blaisdell then alleges that the claims against Howard Hanna arise "as a result of the parent's direct involvement in the affairs of the subsidiary in prosecuting a case that should be dismissed because of the appraisal contingency and for wont of mediation." (Am. Compl. 132.)

Hanna Holdings is not a defendant in this action. Even if it were a party, the allegation that it was "directly involved" in the State Court Action is insufficient to state a claim against either Hanna Holdings or the Hanna Defendants, regardless of the allegation's veracity. Significantly, Blaisdell has not articulated any grounds for imposing liability upon Hanna Holdings as a shareholder of WEW, and certainly not upon any of its subsidiaries, including the Hanna Defendants, who are the sister companies, not shareholders, of WEW.

Furthermore, to the extent that the first count of the Amended Complaint seeks to compel the Hanna Defendants to mediate pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*. (the "FAA"), the Hanna Defendants hereby adopt the arguments contained in Section II(B)(1) of WEW's previously filed Rebuttal Brief in Support of William E. Wood & Associates, Inc.'s Motion to Dismiss. (Docket No. 24.) By Blaisdell's own admission, his claims against the Hanna Defendants "do not arise as a result of the real estate transaction" (Am. Compl. ¶ 132.) and the Hanna Defendants are not parties to the State Court Action. Therefore, it is unclear precisely what issues Blaisdell seeks to mediate with the Hanna Defendants. However, regardless of this uncertainty, Blaisdell is not entitled to compel mediation under the FAA for the reasons detailed in WEW's Rebuttal Brief, which are expressly adopted by the Hanna Defendants. Similarly, to the extent the second count of the Amended Complaint seeks to obtain declaratory judgment against the Hanna Defendants, the Hanna Defendants hereby adopt the arguments contained in Section II(A) of WEW's Rebuttal Brief.

All of the defects raised in the Motion to Dismiss therefore remain in the Amended Complaint. As a result, the Court should consider the Motion to Dismiss and

this Rebuttal Brief as being addressed to the Amended Complaint and dismiss this action for failure to state a claim upon which relief can be granted.

### III. MOTION TO DISMISS THE AMENDED COMPLAINT

To the extent that the Court finds Blaisdell's Amended Complaint to have cured any of the defects addressed in the Hanna Defendants' Motion to Dismiss, the Hanna Defendants hereby move to dismiss the Amended Complaint for the reasons stated above, as well as those asserted in their previously filed Motion to Dismiss (Docket No. 19) and Memorandum in Support (Docket No. 20), which are expressly incorporated herein in their entirety.

### IV. CONCLUSION

Accordingly, for the reasons set forth above and in their Motion to Dismiss and Memorandum in Support thereof, the Hanna Defendants respectfully request that this action be dismissed with prejudice. In the alternative, the Hanna Defendants hereby adopt their prior Motion to Dismiss and Memorandum in Support in full and move to dismiss the Amended Complaint pursuant to the arguments advanced therein, as supplemented in this brief.

                                  Respectfully submitted,

                                  **HOWARD HANNA COMPANY** and
                                  **HOWARD HANNA INSURANCE SERVICES, INC.**

By: /s/_____
Robyn Hylton Hansen, Esq. (VSB #23134)
Herbert V. Kelly, Esq. (VSB # 16113)
Christopher M. Mackenzie, Esq. (VSB # 84141)
*Counsel for Defendants*
JONES, BLECHMAN, WOLTZ & KELLY, P.C.
701 Town Center Drive, Suite 800
Newport News, VA 23606
(p): (757) 873-8000
(f): (757) 873-8103
Email Address: rhansen@jbwk.com
bkelly@jbwk.com
cmackenzie@jbwk.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Susan M. Rotkis, Esq. (VSB # 40693)
Leonard A. Bennett, Esq. (VSB # 37532)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
(p): (757) 930-3660
(f): (757) 930-3662
Email Address: srotkis@clalegal.com

Jeffery F. Riddle, Esq. (VSB # 78975)
Coward, Kim, Smith, Anderson & Riddle, PLC
720 J. Clyde Morris Blvd.
Newport News, VA 23601
(p): (757) 873-1188
(f): (757) 873-8480
Email Address:
jriddle@cowardinkim.com

/s/_____
Robyn Hylton Hansen, Esq. (VSB #23134)
Herbert V. Kelly, Esq. (VSB # 16113)
Christopher M. Mackenzie, Esq. (VSB # 84141)
*Counsel for Defendants*
JONES, BLECHMAN, WOLTZ & KELLY, P.C.
701 Town Center Drive, Suite 800
Newport News, VA 23606
(p): (757) 873-8000
(f): (757) 873-8103
Email Address: rhansen@jbwk.com
bkelly@jbwk.com
cmackenzie@jbwk.com