UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JAMES P. BLAISDELL,

    Plaintiff,

v.                                            Civil Action No. 4:14CV33

**WILLIAM E. WOOD & ASSOCIATES, INC.**

and

HOWARD HANNA COMPANY, d/b/a/
HOWARD HANNA REAL ESTATE SERVICES, INC.,

and

HOWARD HANNA INSURANCE SERVICES, INC.,

and

SALLY VISKOCHIL,

    Defendants.

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STAY PURSUANT TO THE SERVICEMEMBERS CIVIL RELIEF ACT

    COMES NOW the Plaintiff, JAMES P. BLAISDELL, by counsel, and pursuant to Title 50 Appendix, United States Code, Section 522, has moved the Court to stay the above styled action until sometime after December 29, 2015.

#### Introduction

    James P. Blaisdell is a Plaintiff in the above-styled civil action. He is an active duty member of the United States Air Force assigned to Air Combat Command and an attached flyer to the 192d Fighter Wing, both of which are located in Hampton, Virginia.

(Declaration of James P. Blaisdell ¶¶ 1-2, Ex. 1). On September 18, 2014, Lt. Col. Blaisdell received Activation Orders dated September 17, 2014, and signed by his commanding officer, Col. William Butz, ordering his deployment to European Command as JOC Team Chief. (Activation Orders, Ex. 2; Blaisdell Decl. ¶3). Lt. Col. Blaisdell's report date is October 1, 2014. He is scheduled to depart the United States for Germany on or about September 24, 2014, which is less than a week from the date that this motion is being filed. Being deployed to Stuttgart, Germany, will prevent Lt. Col. Blaisdell from participating in the prosecution of this case. Due to the nature of the job and the location in Europe, Lt. Col. Blaisdell is not able to leave his duty station to tend to this action. The Servicemembers Civil Relief Act provides that the court shall stay an action when the Servicemember is assigned to duty that prevents him from tending to his case.

**Facts**

1. James P. Blaisdell, Defendant, is an active duty member with the United States Air Force assigned to Air Combat Command in Hampton, Virginia. He is also attached as a flyer to the Virginia Air National Guard 192d Fighter Wing, located at Langley Air Force Base, Hampton, Virginia (Declaration of James P. Blaisdell ¶¶ 1-2, Ex. 1);

2. On September 18, 2014, Lt. Col. Blaisdell received "Activation Orders" dated September 17, 2014, and signed by his commanding officer, Col. William Butz, that Lt. Col. Blaisdell be deployed to European Command in Stuttgart, Germany, for an October 1, 2014, report date. (Activation Orders, Ex. 2; Blaisdell Decl. ¶3);

3. Lt. Col. Blaisdell's Orders are for the period of October 1, 2014, through September 30, 2015, to report as JOC Team Chief, which duties prevent him from participating in the defense of this action and from appearing at trial (Ex. 2);

4. Lt. Col. Blaisdell's Orders do not provide for leave, departure or deployment from his new duty station in Stuttgart, Germany (Ex. 2);

5. The minimum stay of 90 days provided by 50 App. U.S.C. § 522(b)(1), should be enlarged to stay the action for the period 90 days after the expiration of Lt. Col. Blaisdell's deployment and return to Virginia. Lt. Col. Blaisdell's Orders currently provide for his return him to Williamsburg, VA, September 30, 2015.

6. This case is in its very nascent stage, no Fed. R. Civ. P. 16(b) pretrial conference has yet been set by the court, therefore no Fed. R. Civ. P. 26(f) conference has been held and no discovery has been initiated. The stay will not unduly legally prejudice the Plaintiff from asserting any claim in this case.

7. Plaintiff's counsel promptly sought Defendants' (William E. Wood and Howard Hanna) consent prior to filing the motion. Lead counsel for the Defendant is out of the office and unavailable until September 23, 2014. Due to the fact that Lt. Col. Blaisdell's departure is in less than one week, time is of the essence. Due the urgency of the matter, Plaintiff's counsel decided to file this motion prior to receiving a response from Defendant's co-counsel.

8. Plaintiff and Defendant Viskochil resolved the matter between them prior to the need to apply for the stay. Upon execution of a settlement agreement, Plaintiff will dismiss the action against Viskochil.

**Argument**

**1. The Servicemembers Civil Relief Act mandates that this matter be stayed.**

The Servicemembers Civil Relief Act ("SCRA") provides that a servicemember who is a plaintiff or a defendant in a civil action shall, upon application, be entitled to a stay

of the proceedings when he sets forth facts demonstrating that his military obligation materially affects his ability to appear, that his duties prevent him from appearing, and that military leave is not authorized. 50 App. U.S.C. §§ 522(b)(1) & b(2). The application shall be supported by a letter or other communication from the applicant and from his commanding officer. The use of the mandatory language "shall" requires a stay must be ordered when application is made and the conditions of the statute are met. Lt. Col. Blaisdell's Activation Orders demonstrate that he meets the criteria necessary to order the stay of this civil action. *Walker v. Elliott*, 4:10-CV-467, 2010 WL 4916715 (M.D. Pa. Oct. 25, 2010) report and recommendation adopted sub nom. *Walker v. Zook*, 4:10-CV-0467, 2010 WL 4916713 (M.D. Pa. Nov. 24, 2010)("Such a stay is legally called for when a party like Defendant Holland is overseas serving in the United States armed forces."). Lt. Col. Blaisdell's Activation Order and Declaration are herewith provided, which meet the criteria for the court to order a stay as required by the SCRA.

The SCRA provides that a stay "shall" be granted when the criteria are met, which criteria are to be liberally construed. *Boone v. Lightner*, 319 U.S. 561, 69 (1943). A stay requested by a servicemember should be liberally granted, including in cases when the servicemember is serving stateside, but in a capacity where his or her duties are of a nature that prevent meaningful participation in the litigation. *Campos ex rel. Fiato v. Steen*, 2:08-CV-00748-LRH-PA, 2010 WL 1949589, at *1 (D. Nev. May 12, 2010). The court may also grant a stay on its own motion under the SCRA. A stay of proceedings is authorized and well within the discretion of the court to order, even if the servicemember does not produce a letter or other communication from his commanding officer regarding leave status, the court has the authority to grant the stay because "the district court's

4

discretion should not be withheld on rigid procedures and rules." *Id*. (quoting *Boone v. Lightner*, 319 U.S. 561, 69 (1943), the SCRA is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation.") In this case, Lt. Col. Blaisdell received his orders a week before he is leaving to report to his new duty station. He has supplied Activation Orders, a communication signed by his commanding officer, that meet the requirements of the statute. The issue of leave is not squarely addressed in the Activation Orders, however the nature of the assignment, location in Europe, the time and expense of travel, time differences between the United States and Germany, all demonstrate that litigating this case from Europe would be impractical and onerous to a litigant who has dropped "his own affairs" in service of the nation.

    **2.    The Court may stay this action in the exercise of discretion.**

In the absence of the SCRA, a decision whether to grant a stay is discretionary, and within the inherent power of the court 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *White v. Ally Financial, Inc.*, 969 F.Supp.2d. 451, 461 (citing *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936)). In considering a general motion to stay, a court routinely reviews three factors; "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Id*. at 462 (citations omitted).

The interest of judicial economy is not only served by expeditiously moving civil matters through the Court's docket, it is also advanced by conserving resources of the parties. *Union Steel Mfg. Co., Ltd. v. U.S.,* 896 F. Supp. 2d 1330, 1334 (Ct. Int'l Trade

5

March 18, 2013). In this case, consideration of factors one and two militate strongly in favor of a stay based on the hardship that would be visited upon Lt. Col. Blaisdell. If the were not stayed, the costs in terms of time, money, and impact on his official military duties would be a tremendous drain on his resources and an unjustifiable hardship. There is no legal prejudice to either party, especially the non-moving party who will not be deprived of any claim or defense due to the stay.

## Conclusion

The Court has ample authority to stay this matter under the SCRA or its discretionary power. For these reasons, the Plaintiff respectfully requests the Court grant his Motion to Stay and such other relief as the court deems just and proper.

Respectfully,
James Blaisdell,
By counsel

_____/s/_____
Susan M. Rotkis, VSB # 40693
Leonard A. Bennett, VSB # 37532
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
757-930-3660 (tel)
757-930-3662 (fax)
srotkis@clalegal.com
lbennett@clalegal.com

Jeffrey F. Riddle, Esq., VSB# 78975
Cowardin, Kim, Smith, Anderson & Riddle PLC
720 J. Clyde Morris Boulevard
Newport News, Virginia 23601
(757) 873-1188 telephone
(757) 873-8480 facsimile
jriddle@cowardinkim.com

CERTIFICATE OF SERVICE

I certify that on this 18th day of September 2014, I electronically filed the foregoing with the Clerk using the Court's CM/ECF system, which will send the notice of electronic filing (NEF) to all counsel of record:

Herbert V. Kelly
Robyn Hylton Hansen
Christopher M. McKenzie
Jones Blechman Woltz & Kelly, P.C.
701 Town Center Dr. Suite 800
Newport News, VA 23606
bkelly@jbwk.com
rhansen@jbwk.com
cmckenzie@jbwk.com

I certify that on this 18th day of September 2014, I caused the foregoing to be mailed, first class postage prepaid, to Sally Viskochil the office of her attorney:

Christopher Page
Kaufman & Canoles
4801 Courthouse Street, Suite 300
Post Office Box 6000
Williamsburg, Virginia 23188

                                                                     /s/
Susan M. Rotkis, VSB # 40693
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
757-930-3660 (tel)
757-930-3662 (fax)
srotkis@clalegal.com